UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOPI RAJAGOPAL, | No. 2:23-cv-2758 CKD P |
| Petitioner, | |
| v. | ORDER AND |
| STANISLAUS COUNTY SHERIFF, | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

Petitioner, a Stanislaus County pretrial detainee proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On January 31, 2024, petitioner filed a request for an extension of time to file a motion to proceed in forma pauperis. Petitioner timely-filed a request to proceed in forma pauperis on January 12, 2024, so the request for an extension of time will be denied as moot.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

Petitioner asserts that his right to a speedy trial is being violated in Stanislaus County criminal court proceedings. Federal courts cannot interfere with pending state criminal proceedings absent extraordinary circumstances which create a threat of irreparable injury. Younger v. Harris, 401 U.S. 37, 45-46 (1971). Irreparable injury does not exist in situations, as

here, where the threat to petitioner's federally protected rights may be eliminated by his defense of the criminal case. Moreover, "even irreparable injury is insufficient [to permit interference with the proceeding] unless it is 'both great and immediate.'" Id. at 46 (quoting Fenner v. Boykin, 271 U.S. 240, 243-44 (1926)).

"The Younger doctrine was borne of the concern that federal court injunctions might unduly hamper a state in its prosecution of criminal laws." Miofsky v. Superior Court, 703 F.2d 332, 336 (9th Cir. 1983). In practical terms, the Younger doctrine means that "'only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.'" Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir.) (quoting Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972)).

Here, petitioner does not point to anything suggesting the great and immediate threat of irreparable injury as a result of extraordinary circumstances necessary for this court to be justified in reviewing ongoing state court proceedings. Accordingly, the court will recommend that petitioner's § 2241 petition be dismissed.

Finally, the court notes that petitioner has filed a motion seeking a preliminary injunction. However, petitioner does not identify the relief sought. In light of this, and the fact that the court is recommending that the underlying petition for writ of habeas corpus be dismissed, the court will recommend that the motion for preliminary injunction be denied.

Accordingly, IT IS HERBY ORDERED that:

1. Petitioner's request for an extension of time to file a motion to proceed in forma pauperis (ECF No. 11) is denied as moot;

2. Petitioner's request to proceed in forma pauperis (ECF Nos. 9 & 13) is granted; and

3. The Clerk of the Court assign a district court judge to this case.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion for a preliminary injunction (ECF No. 10) be denied; and

2. Petitioner's petition for a writ of habeas corpus be dismissed pursuant to Younger v. Harris, 401 U.S. 37 (1971).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 24, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
raja2758.younger